UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA M. I. KELTON, | : | Case No. C-1-02-345 |
| | : | |
| Plaintiff, | : | Judge Weber |
| | : | |
| v. | : | |
| | : | **REPLY MEMORANDUM OF** |
| UNIVERSITY OF CINCINNATI, et al., | : | **DEFENDANT DEBASHIS PAL** |
| | : | **IN SUPPORT OF HIS MOTION** |
| Defendants. | : | **FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Pal's motion for summary judgment should be granted. Kelton failed to address Pal's qualified immunity defense, effectively admitting that her gender discrimination and conspiracy claims against him should be dismissed. Even if Pal were not entitled to qualified immunity, Kelton failed to present a scintilla of evidence supporting her claims against him. Kelton cannot demonstrate a prima facie case of gender discrimination against Pal because she cannot establish that a male became department head. There is no evidence that Pal's explanation of his vote for Goddard was a pretext for gender discrimination. Kelton's conspiracy claim against Pal is barred by the intracorporate conspiracy doctrine, and her argument that Pal acted outside the scope of his employment is without merit and is fatal to all of her claims. Even if her conspiracy claim were not barred, Kelton's conclusory allegations are insufficient to establish a conspiracy, let alone one motivated by gender. Kelton's claims against Pal should be dismissed.

W0066675.1

## II. ARGUMENT

### A.     Pal Is Entitled To Qualified Immunity.

Pal incorporates by reference the analysis and argument from Mayer's reply memorandum explaining that Kelton's failure to address the qualified immunity defense asserted by the individual Defendants is tantamount to an admission that they should be dismissed on that basis. (Mayer Reply Mem. at 2)

In any event, Pal's support for Goddard did not violate any law, much less clearly established law. Kelton cited no authority from any court, let alone the Supreme Court or the Sixth Circuit, that would have put Pal (the only Defendant on the search committee) on notice that he could be liable for voting in favor of a well-respected colleague. Pal is entitled to qualified immunity and all of Kelton's claims against him should be dismissed.

### B.     Kelton's Gender Discrimination Claim Against Pal Must Be Dismissed.

#### 1.     Kelton failed to establish a prima facie case.

Pal incorporates by reference the argument and analysis from Mayer's reply memorandum explaining that Kelton cannot demonstrate that a male became department head. (Mayer Reply Mem. at 2-3)

#### 2.     Kelton cannot establish that Pal's actions were a pretext for gender discrimination.

Kelton claims Pal intentionally discriminated against her on the basis of her gender because he voted for Goddard. (Pl. Mem. Opp. at 8) Kelton offered no evidence that Pal's vote for Goddard was based on Kelton's gender, or that the reasons he articulated for why he voted for Goddard, as explained in his motion for summary judgment, are pretextual. Kelton admitted

that she worked extensively with Pal and had a good, collegial relationship with him.  (Pl. Resp. Defs. Proposed Findings of Fact ¶ 6)

Kelton admitted that when Pal received an offer from another university, she tried to convince him to stay at UC.  (Id.)  She admitted that until late in the search process, Pal did not identify with either group in the economics department and that he initially supported Kelton for the headship position.  (Id.)  She admitted that Pal and Berry had a verbal altercation at a Hewett-Kautz Fund committee meeting, and that she did not support Pal when he asked for her help.  (Id.; Kelton Dep. 89; Pal Dep. 41)  She admitted that Pal felt she performed poorly relative to Goddard during her interview with the search committee.  (Pl. Resp. Defs. Proposed Findings of Fact ¶ 46)  She admitted Pal was disappointed that she mentioned only Group A faculty when she was asked in the interview about the "assets" of the economics department, and that she referred to herself as "number two in the department" even though Pal was the assistant department head.  (Id.)

As Pal's gender-neutral reasons for voting for Goddard are undisputed, Kelton's gender discrimination claim against him must be dismissed.  See Betkerur v. Aultman Hosp. Assoc., 78 F.3d 1079, 1095 (6th Cir. 1996) (affirming summary judgment for search committee member where the plaintiff offered no evidence indicating that the legitimate, non-discriminatory reason why the search committee member voted for the plaintiff's opponent was pretextual).

Kelton's only other reason she alleges gender discrimination against Pal is her claim that he opposed her as department head because she "violated bylaws" concerning the Hewett-Kautz Fund.  (Pl. Mem. Opp. at 22)  Kelton cites Pal's deposition at pages 32-33, but Pal did not accuse Kelton of violating bylaws there or anywhere else.  As Kelton admitted, Pal raised documentation issues about the committee, wanting to know more about how the fund was spent

and how much money remained. (Pl. Resp. Defs. Proposed Finding of Fact ¶ 29) Kelton also admitted that Pal wanted rules in place and a more organized system for requesting and receiving money from the fund. (Id.) Kelton offered no evidence that Pal's concerns had anything to do with her gender.

Kelton conceded that Pal joined in an e-mail to Dean Caruso criticizing all the Group A members, including eight males. (Pl. Resp. Defs. Proposed Findings of Fact ¶ 56) Kelton admitted she had no reason to believe that the views expressed in this e-mail were not the true opinions of Pal and the five other professors. (Kelton Dep. 125-26) This e-mail demonstrates that Pal's recommendation in favor of Goddard was not influenced by gender but by previously existing political disputes within the economics department.

Kelton has not offered even a scintilla of evidence that anything Pal said or did was motivated by her gender. Without such evidence, Kelton's gender discrimination claim against Pal must be dismissed.

    **C.**     **Kelton's Conspiracy Claim Against Pal Must Be Dismissed.**

        **1.**     **The intracorporate conspiracy doctrine bars Kelton's conspiracy claim.**

            **a.**     **The intracorporate conspiracy doctrine applies to conspiracy claims against only individual defendants.**

Pal incorporates by reference the argument and analysis from Mayer's reply memorandum explaining that the intracorporate conspiracy doctrine applies to the actions of the individual Defendants. (Mayer Reply Mem. at 7)

### b. Pal acted within the scope of his employment.

Kelton claims Pal conspired against her because:

(1) "as a member of the Headship search committee, [he] furthered the conspiracy by influencing the Committee itself;"

(2) he "relayed false rumors to Defendant Whitmore that Dr. Kelton had behaved unprofessionally;" and

(3) he "falsely accused Dr. Kelton of violating bylaws of the Hewett-Kautz fund."

(Pl. Memo. Opp. at 34)

Kelton cites search committee chair Howe to support her claim that Pal influenced the Committee. There is no evidence that Pal "influenced" any search committee member to vote for Goddard or against Kelton because of Kelton's gender. Kelton cites a memo from Whitmore to Howe (Ex. 71) as evidence that Pal relayed "false rumors" to Whitmore about Kelton, but there is not one word in that memo about anything Pal said about Kelton. And, as explained above, Kelton has no evidence that Pal "falsely accused" her of violating Hewett-Kautz committee bylaws. Pal incorporates by reference the argument and analysis from Mayer's reply memorandum explaining that Pal's concerns about Kelton's management style and his support for Goddard were within the scope of his employment as a member of the economics faculty, because those actions took place during the course of University business, and were related to the activities of the economics department. (Mayer Reply Mem. at 7-9)

Even if Pal's statements about his opinion of Kelton's management style were not true, his statements addressed the activities and morale of the economics department and therefore fell within the scope of his employment. (Mayer Reply Mem. at 9)

        **c.**      **If Pal acted outside the scope of his employment, all of Kelton's claims fail.**

Pal incorporates by reference the argument and analysis from Mayer's reply memorandum explaining that Kelton's argument that the individual Defendants acted outside the scope of their employment is fatal to all of her claims. (Mayer Reply Mem. at 9-11)

        **d.**      **The independent personal stake exception does not apply.**

Pal incorporates by reference the argument and analysis from Mayer's reply memorandum explaining that the independent personal stake exception does not apply to the actions of the individual Defendants. (Mayer Reply Mem. at 11)

        **2.**      **Kelton failed to present evidence of a conspiracy motivated by gender.**

Pal incorporates by reference the argument and analysis from Mayer's reply memorandum (id. at 12) explaining that Kelton's conclusory allegation that the individual Defendants "agree[d] to prevent Dr. Kelton from becoming the Department Head based on considerations of gender" (Pl. Mem. Opp. at 31), unsupported by any record evidence, is insufficient to establish a conspiracy claim. Kelton's conspiracy claim against Pal must be dismissed.

### III.  CONCLUSION

For each and all of the foregoing reasons, and those set forth in his motion for summary judgment, Pal respectfully requests that this Court grant his motion and dismiss the claims against him.

                                      Respectfully submitted,

                                      Jim Petro
                                      Attorney General of Ohio

By:   s/ Doreen Canton
       Doreen Canton Bar Number 0040394
       Attorney for Defendants
       Taft, Stettinius & Hollister LLP
       425 Walnut Street, Suite 1800
       Cincinnati, Ohio 45202-3957
       Telephone:  (513) 381-2838
       Fax:  (513) 381-0205
       E-mail:  canton@taftlaw.com

OF COUNSEL:

W. Stuart Dornette (0002953)
Kerry P. Hastings (0066871)
Rachel S. Zahniser (0076065)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957

Mitchell D. McCrate (0047403)
Associate Counsel
University of Cincinnati
300 Administration Building
Cincinnati, OH 45221-0623

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Marc D. Mezibov, Michael N. Budelsky and Susan E. Brabenec, 920 Fourth & Race Tower, 105 W. Fourth Street, Cincinnati, Ohio 45202.

s/ Doreen Canton
Doreen Canton Bar Number 0040394
Attorney for Defendants
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513) 381-2838
Fax: (513) 381-0205
E-mail: canton@taftlaw.com

W0066675.1