UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DR. CHRISTINA M.I. KELTON | : | |
| Plaintiff, | : | CASE NO. C-1-02-345 |
| v. | : | Judge Weber |
| UNIVERSITY OF CINCINNATI, et al. | : | |
| Defendants. | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

**I.     Introduction**

On April 26, 2004, Defendants University of Cincinnati, *et al.* filed a notice of supplemental authority, citing case law purported to be relevant to Plaintiff's retaliation claims and supportive of Defendants' motions for summary judgment. (Notice at 1-2). In light of the Sixth Circuit's recent decision in *White v. Burlington Northern & Santa Fe Railway Company*, 2004 WL 789726 (6th Cir. Tenn.), material issues of fact remain concerning Plaintiff's retaliation claims. None of the supplemental decisions cited by Defendants actually support their motions for summary judgment, as none of the cited decisions apply to the facts relevant to this action or comport with controlling case law. For these reasons, Defendants' notice of supplemental authority should be disregarded and Defendants' motions for summary judgement should be denied.

**II.    Case Law Supports Plaintiff's Retaliation Claim and Precludes Summary Judgment.**

    **A.    The Sixth Circuit's Definition of "Adverse Employment Action" Supports Plaintiff's *Prima Facie* Case of Retaliation.**

The law of the Sixth Circuit regarding adverse employment actions and retaliation is found in the recent decision *White v. Burlington Northern & Santa Fe Railway Company*, 2004 WL 789726 (6th Cir. Tenn) (Attached as Ex. A). In *White*, the Sixth Circuit determined that "it is impossible to list every possible employment action that falls into the definition of adverse employment action and a court must consider 'indices that might be unique to a particular situation.'" *Id.* at *8 (citing *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 886 (6th Cir. 1996)). The court ultimately reaffirmed its definition as developed in *Kocsis v. Multi-Care Management, Incorporated,* 97 F.3d 876 (6th Cir. 1996). *See id.* at *9. In *Kocsis*, the Sixth Circuit found "adverse employment actions" to include actions which result in "lost prestige because of working conditions or title change." 97 F.3d at 886-87 (6th Cir. 1996). In the present case, Plaintiff has suffered adverse employment actions that have resulted in diminished responsibilities, prestige, and earnings. (Plaintiff's Memorandum in Opposition at 9-10, 25-26).

Defendants point to the Eleventh Circuit's decision in *Stavropoulos v. Firestone,* 361 F.3d 610 (11th Cir. 2004), to demonstrate that Plaintiff did not suffer an "adverse employment action" with regard to her retaliation claim. (Notice at 1-2). The plaintiff in *Stavropoulos* suffered actions which "ultimately had no effect on her employment status" because their impact was negated by subsequent positive actions. *Id.* at 617. As the adverse employment actions were not sufficiently substantial, the plaintiff failed to establish a *prima facie* of retaliation. *See id.* at 618.

In contrast to the plaintiff in *Stavropoulos*, Plaintiff in the present case experienced adverse employment actions which substantially affected her employment with respect to her position, responsibility, and earnings. (Plaintiff's Memorandum in Opposition at 9-10, 25-26). Under both controlling and supplemental decisions, Plaintiff has established a *prima facie* case of discriminatory retaliation precluding summary judgment. *See White* 2004 WL 789726, * 8-9 (6th Cir. Tenn).

**B.     Defendants' Supplemental Cases Are Not Supportive of Defendants' Motions For Summary Judgement Nor Controlling.**

Neither *Johnson v. University of Cincinnati*, 215 F.3d 561 (6th Cir. 2000), nor *Mattson v. Caterpillar, Incorporated*, 359 F.3d 885 (7th Cir. 2004), support the granting of Defendants' motions for summary judgment in light of the case record. As Defendants may only be granted summary judgment if the record fails to demonstrate any material issues of fact regarding retaliation, and as neither supplemental case impacts the record or controlling analysis, Defendants motion for summary judgement must fail.

In *Johnson*, the plaintiff filed an EEOC complaint alleging race and retaliatory discrimination. *See Johnson,* 215 F.3d at 570 (6th Cir. 2000). The district court reasoned that the plaintiff filed the charge to protect his job, not to report discriminatory retaliation. *See. id.* at 581. Critiquing the district court's lower decision as having "failed to liberally construe Plaintiff's participation clause claim and instead improperly [having] resolved it as an issue of fact," the Sixth Circuit found the lower court to have "improperly determined Plaintiff's motive and good faith in filing the charge." *Id.* at 582.

Quoting its prior decision in *Booker v. Brown & Williamson Tobacco Company, Incorporated*, the Sixth Circuit stated:

> The "exceptionally broad protections" of the participation clause extend to persons who have "participated in any manner" in Title VII proceedings. Protection is not lost if the employee is wrong on the merits of the charge, nor is protection lost if the contents of the charge are malicious or defamatory as well as wrong.

215 F.3d 582 (citing 879 F.2d 1304, 1312 (6th Cir. 1989)) (citations omitted). Instead, the Sixth Circuit inquires whether, based upon relevant facts and circumstances, a complainant *"could have* reasonably believed that he had a viable discrimination claim," rather than inquiring into a complainant's motivations and what he or she *actually* believed. *Id*. (emphasis added).

Failing to understand this distinction or the Sixth Circuit's clear language, the Seventh Circuit has cited *Johnson* for the proposition that a complainant's bad faith in conjunction with "utterly baseless claims" can preclude a finding that activity is protected under Title VII. *See Mattson v. Caterpillar, Incorporated*, 359 F.3d 885, 891 (7th Cir. 2004). In support of this interpretation, the Seventh Circuit was forced to rely upon "the possibility" of a "good faith" requirement not being precluded by *Johnson*. *Id*. at 891.

Under either the Seventh Circuit's two-part analysis (requiring both good faith and reasonableness for activity to be protected) or the Sixth Circuit's analysis (requiring only reasonableness under all relevant facts and circumstances for activity to be protected), the Plaintiff in the present case has stated claims and presented evidence precluding summary judgement. *See Johnson v. University of Cincinnati*, 215 F.3d 561 (6th Cir. 2000); *Mattson v. Caterpillar, Incorporated*, 359 F.3d 885, 891 (7th Cir. 2004). Plaintiff filed an EEOC complaint because she both (1) believed and (2) could have "reasonably" believed in light of the record that gender played a role in Defendants' employment decision. (Plaintiff's Memorandum in Opposition at 11-13, 17-23). Moreover, Plaintiff's complaint of gender discrimination adversely affecting her employment was not "baseless." (*See Johnson*, 215 F.3d 561 (6th Cir. 2000);

4

*Mattson*, 359 F.3d 885, 891 (7th Cir. 2004). As the Court is obligated to "liberally construe Plaintiff's participation clause claim" and refrain from "improperly resolv[ing] it as an issue of fact," summary judgment must be denied. *Johnson*, 215 F.3d at 582.

### III.    Conclusion

For these reasons, Defendants' supplemental decisions have no impact on the relevant analysis and Defendants' motions for summary judgment should be denied.

>                        Respectfully submitted,
>
>                        MEZIBOV & JENKINS, LLP
>
>
>                        /s/ Marc D. Mezibov
>                        _____
>                        MARC D. MEZIBOV (Ohio Bar No. 0019316)
>                        CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
>                        SUSAN E. BRABENEC (Ohio Bar No. 0075200)
>                        1726 Young Street
>                        Cincinnati, Ohio 45202
>                        Telephone (513) 723-1600
>                        Telecopier (513) 723-1620
>                        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon Doreen Canton, Kerry P. Hastings, W. Stewart Dornett, Taft, Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957, and Mitchell D. McCrate, Office of the General Counsel, University of Cincinnati, P.O. Box 210623, 300 Administration Building, Cincinnati, Ohio 45221-0623, by electronic filing and ordinary U.S. Mail, postage prepaid, this 5th day of May, 2004.

/s/ Marc D. Mezibov
_____
MARC D. MEZIBOV (Ohio Bar No. 0019316)